**Beulah HAMMOND, Individually and on behalf of all others similarly situated, Appellant,**

v.

**Frank POWELL, Sheriff of Richland County, South Carolina, et al., Appellees.**

**No. 72–1033.**

United States Court of Appeals, Fourth Circuit.

Argued May 30, 1972.

Decided June 28, 1972.

Herbert E. Buhl, III, and Robert R. Madama, Jr. (Franchot A. Brown, Legal

Aid Service Agency, Columbia, S. C., on brief), for appellant.

H. Simmons Tate, Jr., and J. Donald Dial, Jr., Columbia, S. C. (Boyd, Bruton, Knowlton, Tate & Finlay, Columbia, S. C., on brief), for appellee, W. F. Hearn.

Before SOBELOFF, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

Under the "claim and delivery" procedure of South Carolina, Ann.Code § 10–2501 et seq., a secured creditor may, with the aid of the local sheriff, seize a defaulting debtor's goods in advance of trial and judgment awarding the goods to the creditor. The statute does not provide for notice to the debtor or a hearing prior to the seizure. To regain possession of the seized property pending trial, a debtor must furnish a bond in twice the value of the property seized.

Repossession under color of this statute was effected against appellant's household goods without a hearing and she was financially unable to arrange for the required double bond to obtain repossession pending trial in the state court. She brought an action in the District Court, as an individual and as a representative of a class of persons similarly situated, seeking a declaration that the South Carolina "claim and delivery" statute violates the United States Constitution.[1] Additionally, appellant requested an injunction restraining future claim and delivery actions against herself and members of the class she represents.

The District Judge dismissed appellant's individual suit as moot because the state court action brought by the

1. Appellant claims that the South Carolina statute is unconstitutional in that:
   1) It violates the Due Process Clause of the Fourteenth Amendment by providing for the taking of property prior to notice and hearing;
   2) It is violative of the Equal Protection Clause of the Fourteenth Amendment, since it discriminates against those whose financial con-

dition makes it impossible for them to file the double bond required to repossess the seized property prior to trial; and
   3) It provides for a search and seizure and resultant invasion of privacy, without a warrant, in violation of the Fourth and Fourteenth Amendments.

creditor had gone to final judgment and, under the state court's ruling, the creditor became vested with the right to possession of the goods seized. In dismissing the federal complaint the District Judge also held that a class action was not proper because it would be impossible as a practical matter to determine who is included in the class so that notice under Rule 23(c) could be given to all members.[2]

■ When the appellant's complaint was filed in federal court on October 8, 1971, the case was not moot. At that time, appellant had been summarily deprived of her property in advance of a final judgment of the state court. Although the state court judgment was eventually rendered while this action was pending in federal court (on October 14, 1971), the controversy was not thereby mooted, because, due to her poverty, appellant will likely again be subject to the challenged statutory procedure. Indeed we are informed by counsel that she has already purchased furniture on credit to replace that taken earlier. We may take judicial notice of the fact that frequently in our credit economy persons in appellant's situation are subjected to deprivation of their personal property under statutes like the one challenged. Thus, the public interest in having this suit considered is substan-

tial. *See* United States v. W. T. Grant Co., 345 U.S. 629, 632–633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) ; Washington v. Lee, 263 F.Supp. 327 (M.D.Ala.1966), aff'd, 390 U.S. 333, 88 S.Ct. 994, 19 L. Ed.2d 1212 (1968).

■ Moreover, this suit may properly be brought as a class action. At oral argument, appellant declared the class to be all citizens of South Carolina whose personal property has been subjected to "claim and delivery" and those persons whose personal property will be claimed and delivered during the pendency of the federal action. As thus defined, the class is adequately delineated and appellant is clearly an appropriate representative of the class. *See* Thomas v. Clarke, 54 F.R.D. 245 (D.Minn. filed November 29, 1971) (three-judge Court) (holding adequately precise a class consisting of those persons who have had property seized under Minnesota's claim and delivery law since the pendency of the federal case). At the time of judgment the individual members of the class will be readily identifiable.

■ Furthermore, since this class action plainly comes within the ambit of F.R.Civ.P. Rule 23(b) (2),[3] the notice requirement of Rule 23(c) (2)[4] does not apply. 3B Moore, Federal Practice ¶23.55 ; 7A Wright & Miller, Federal Practice and Procedure § 1786.

2. Relying upon Weddle v. Director, Patuxent Institution, 436 F.2d 342 (4th Cir. 1970), rev'd 405 U.S. 1036, 92 S.Ct. 1318, 31 L.Ed.2d 577 (1972), the District Court dismissed this case also for lack of jurisdiction under 28 U.S.C. § 1343(3) on the ground that appellant's claim is dependent upon a property right. In Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), the United States Supreme Court held that there is no distinction between personal rights and property rights for the purpose of jurisdiction under § 1343(3). The appellees, in their appellate brief and oral argument, acknowledge the applicability of *Lynch* and no longer press the point.

3. Rule 23(b) (2) provides :
   The party opposing the class has acted or refused to act on grounds gen-

erally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to' the class as a whole.
Although the instant case might also be classified under Rule 23(b) (3), because there are common questions of law and fact which predominate, the action should, where feasible, be treated as one under 23(b) (2) rather than (3). 3B Moore, Federal Practice ¶ 23.31 [3].

4. Rule 23(c) (2) provides :
   In any class action maintained under subdivision (b) (3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. * * *

Since the complaint attacks the constitutionality of South Carolina's "claim and delivery" statute—a statute of state-wide application—the convening of a three-judge court is required. The case is remanded to the District Court with instructions to petition the Chief Judge of the Circuit for the convening of a three-judge court. After the preparation of this court's opinion, the Supreme Court of the United States handed down Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), holding unconstitutional a Florida pre-judgment replevin statute essentially identical to the South Carolina statute here under attack. When convened, the three-judge court should examine the South Carolina statute in light of *Fuentes, supra.*

Reversed and remanded.