**Virginia HARRIS, Appellant,**

v.

**George W. BAILEY, Hudson Sterling, Marshall Coleman, Appellees.**

**No. 81–1487.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1981.

Decided April ᴄ13, 1982.

D. Brock Green, Herbert L. Beskin, Charlottesville-Albemarle Legal Aid Society, Charlottesville, Va., for appellant.

Dennis G. Merrill, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen., Walter H. Ryland, Chief Deputy Atty. Gen., Richmond, Va., on brief), for appellees.

Before HALL, ERVIN and CHAPMAN, Circuit Judges.

ERVIN, Circuit Judge:

Virginia Harris, a Social Security recipient, brought this action under 42 U.S.C. § 1983 (1981) alleging that garnishment of her Social Security benefits under the Virginia garnishment procedure violated 42 U.S.C. § 407 (1974) and the due process clause. The United States District Court for the Western District of Virginia held that the action was moot because the garnisheed benefits had been returned before this case went to trial. The plaintiff's request for class certification was also refused and the Attorney General of Virginia was dismissed as a party defendant. 521 F.Supp. 562. Because we find that there is a justiciable controversy with respect to Mrs. Harris, we reverse the order of dismissal. Having found that Mrs. Harris has personal standing, it is unnecessary to pursue this claim as a class action, and we affirm the dismissal of the Attorney General of Virginia as a defendant.

### I.

In August 1980, the University of Virginia Hospital instituted garnishment proceedings against Mrs. Harris on a judgment debt. The checking account garnisheed by the hospital contained Social Security bene-

fits received by Mrs. Harris; Social Security being her only source of income. The garnishment was accomplished pursuant to the pertinent Virginia statutes,[1] which neither exempt Social Security income from attachment, nor provide for an immediate hearing for the debtor. Virginia Code § 8.01–512 (Supp.1981) requires the garnishee[2] to withhold any sum of money which the debtor has on account from the date of service of the summons until the date of a garnishment hearing. The garnishment summons is subject to restrictions in amount so that the debtor will have a subsistence allowance.[3]

Social Security benefits that have been paid are exempt from state garnishment proceedings under federal law. Title 42, section 407, of the United States Code clearly states:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407 (1974).

Pursuant to the Supremacy Clause of the United States Constitution, this statute prevents creditors from reaching bank accounts containing Social Security benefits under authority of state law. *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973).

Mrs. Harris challenged the garnishment proceeding by a motion to quash on November 20, 1980. An evidentiary hearing on the motion was continued until January 20, 1981. This action challenging the constitutionality of Virginia's garnishment statutes was filed on January 2, 1981, in federal court seeking declaratory and injunctive re-

---

**1.** Va.Code §§ 8.01–511–25 (1977 and Supp. 1981).

**2.** The Fidelity American Bank is the garnishee in this case.

**3.** Va.Code § 34–29 (Supp.1981).

lief. The federal action stated both individual and class action claims under 42 U.S.C. § 1983 against the Clerk of Court and Sheriff of Albemarle County as well as the Attorney General of Virginia. On January 16, 1981, the state garnishment action was settled and the monies were returned to Mrs. Harris. By an order dated March 25, 1981, the federal district court granted the defendant's motion to dismiss the Attorney General as a party and also dismissed the entire case. The district court reasoned that no claim for relief had been stated against the Attorney General and that the entire claim was moot because the benefits had been returned to Mrs. Harris. She subsequently moved to rescind the district court's judgment for failure to consider her request for certification of a class. This motion was denied, and the dismissal of the entire case was affirmed.

## II.

■ The situation of Mrs. Harris is analogous to that of the plaintiff in *Hammond v. Powell*, 462 F.2d 1053 (4th Cir. 1972). In that case, the plaintiff challenged a South Carolina repossession statute on due process and equal protection grounds. Although the state repossession action was concluded before the constitutional issues had been tried in federal court, this court held that the case was not moot. As in *Hammond*, the state proceeding had not been decided when Mrs. Harris filed her § 1983 suit. It also may be said in this situation that "due to her poverty, appellant will likely again be subject to the challenged statutory procedure." *Id.* at 1055. In *Hammond*, this court went on to "take judicial notice of the fact that frequently in our credit economy persons in appellant's situation are subjected to deprivation of their personal property under statutes like the one challenged. Thus, the public interest in having this suit considered is substantial." *Id.*

We note that just as in *Hammond*, this case involves a brief procedure that is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). *See Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973). The general rule that denies judicial review when the principal cause of action becomes moot, therefore, does not apply.

Our holding that this is a justiciable controversy is buttressed by the recent holding in *Finberg v. Sullivan*, 634 F.2d 50 (3rd Cir. 1980) (*en banc*). That case also involved a garnishment of Social Security benefits, and the plaintiff had recovered her garnisheed assets before the § 1983 suit came to trial. The Third Circuit found that the plaintiff had standing to proceed in her action, because the garnishment of Social Security benefits from a poor person reasonably could be expected to happen again and could not be adjudicated while it is "live" because the procedure is brief by its nature. The main factors cited in *Finberg* to exclude this issue from the mootness rule are also present here: a poor, elderly woman with an existing judgment against her in a situation in which the attachment of her benefits would probably end before a suit could be completed. We find the Third Circuit's reasoning to be persuasive.

## III.

■ The plaintiff properly reserved the issue of whether a class action should be allowed in this suit by moving for an expedited class certification in the district court. On appeal, however, the plaintiff requested that we address the class certification issue only if we find that she has no standing to pursue her claims as an individual. Because we find that Mrs. Harris has standing as an individual, we shall not address whether she would have standing as the representative of a class of similarly situated persons.[4]

---

4. We note that in *Finberg v. Sullivan*, the Third Circuit permitted a class certification. Although we accept their holding as to individual standing, we make no ruling as to class certification.

## IV.

The plaintiff argues that the Attorney General of Virginia is an indispensable party and, in the alternative, a proper party to this action. These claims are predicated upon the continuation of this case as a class action.[5] Because the class action is not necessary, Mrs. Harris can be afforded complete relief through the Sheriff and Clerk of Court of Albemarle County without the assistance of the Attorney General. *See* Fed.R.Civ.P. 19(a)(1). Unlike the cases cited by the plaintiff for the proposition that the Attorney General is an indispensable party, *see Dodd v. Barnes*, 279 F.Supp. 290 (E.D.Tenn.1967), *Grace v. Carroll*, 219 F.Supp. 270 (S.D.N.Y.1963), *Arneson v. Denny*, 25 F.2d 993 (W.D.Wash.1928), the Attorney General has no state constitutional or statutory obligation to defend a party, intervene in the action, or administer the procedure in question.

The question of whether the Attorney General is a proper party is also affected by the fact that this case will be pursued by one plaintiff. Because state-wide action is no longer requested, the Attorney General has no authority to provide appropriate relief.

In *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court held that a government official could be a party if "by virtue of his office, (he) has some connection with the enforcement of the act...." *Id.* at 157, 28 S.Ct. at 452. The connection in *Ex Parte Young* was that the Attorney General had the responsibility to bring civil enforcement actions against persons who violated the maximum rate law for railroads. Contrary to that situation, the Virginia garnishment procedure simply involves an order issued by the Clerk of Court and a summons served by the Sheriff.[6] All relief requested by the plaintiff as an individual is local in nature and does not involve an issue of state law interpretation or enforcement. The Attorney General of Virginia, therefore, was properly dismissed as a party defendant.

## V.

The district court's order dismissing the class action complaint is affirmed. The dismissal of the Attorney General of Virginia as a defendant is also affirmed. The order of the district court dismissing this case is hereby vacated, and the action is remanded for proceedings in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

5. Assuming she would represent the class of similarly situated Virginia residents, Mrs. Harris requested declaratory relief and an order requiring the state Attorney General to notify all local officials who administer the garnishment statutes that the existing procedures are unconstitutional and future procedures are to be administered pursuant to an order of the trial court.

6. We distinguish *James v. Almond*, 170 F.Supp. 331 (E.D.Va.1959). The Attorney General is admittedly charged with the duties of interpretation of the law and enforcement in general as was mentioned in *James*. That case, however, involved numerous plaintiffs in a school desegregation action over the closing of public schools rather than allowing black children to attend. Unlike *James*, this case involves an individual plaintiff who can get relief through local officials. We realize, of course, that similar situations may occur in other parts of the state, but we will not impute bad faith to local officials in that they will refuse to honor this decision as legal precedent.