**Rhoda LESTER, Plaintiff,**

**v.**

**William LUKHARD, James Kenley and Margaret Heckler, Defendants.**

**Civ. A. No. 84–0194–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 1, 1985.

---

Martin Wegbreit, Castlewood, Va., for plaintiff.

Julia Krebs-Markrich, Asst. Atty. Gen., Richmond, Va., Morgan E. Scott, Asst. U.S. Atty., Abingdon, Va., Javier Arrastia, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, Rhoda Lester, alleges that her rights have been violated by the defendants' refusal to make a determination of disability that is independent of the determination made by the Social Security Administration. Defendants William Lukhard and James Kenley are the Commissioners of the Virginia Departments of Welfare and Health, respectively; Margaret Heckler is the Secretary of the United States Department of Health and Human Services. The complaint against Secretary Heckler has been dismissed for failure to state a claim upon which relief can be granted. The case is before the court on the plaintiff's motion for relief from the order dismissing the Secretary, the plaintiff's motions for leave to amend and for class certification and the defendants' motion for summary judgment. Jurisdiction is conferred by 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Medicaid is a joint federal-state program established to provide medical assistance to eligible individuals. Virginia provides Medicaid coverage to all persons who qualify as categorically or medically needy. The categorically needy include those who receive Supplemental Security Income (SSI). Medically needy persons meet state-established Medicaid income standards for a six-month period when their income is reduced to or below the limit by medical expenses incurred during that period. The Buchanan County Department of Social Services (DSS) determines the plaintiff's eligibility for Medicaid.

The defendants' policy is that DSS's determination of disability will be the same as that of the Social Security Administration. Virginia may use a more restrictive definition of disability than that used by SSI. 42 C.F.R. § 435.121(a). However, it may not use a more liberal definition of disability than that used by SSI. 42 C.F.R. § 435.-121(b)(1). Because Virginia uses the same definition of disability as SSI, it generally relies upon disability determinations made

318

by SSI in order to avoid duplicative examinations. An independent determination of disability is made when the applicant shows that his condition has changed since the SSI determination, if the applicant has been found ineligible for SSI because of his income, if he chooses not to apply for SSI or if his situation requires an immediate determination while an SSI application is pending.

The plaintiff was denied Medicaid benefits on the ground that she is not disabled. The denial was based upon a disability determination made by SSI. The plaintiff brought this action to attempt to require the defendants to make an independent determination of disability. At a motion hearing before the court, the plaintiff for the first time showed the defendants that she had incurred medical costs after the SSI determination. Due to this showing of changed condition, an independent determination of disability was made. It appearing to the court that the plaintiff has been provided the only relief sought, there remains no case or controversy to be decided.

■ The plaintiff urges the court that voluntary cessation of allegedly illegal conduct does not render a case moot. There is a line of United States Supreme Court decisions standing for that proposition. *DeFunis v. Odegaard*, 416 U.S. 312, 318 (1973). In that case, a student alleged racial discrimination resulting from a law school's admissions policy. *Id.* The doctrine would have been relevant in *DeFunis* if the question of mootness had arisen by reason of a unilateral change in the admission procedures. *Id.* Instead, the case was moot because the student had been admitted and was in the final quarter of his course of study. *Id.* Similarly, the present case is moot not because Virginia has changed its policy, but because the plaintiff has been granted the relief sought under the challenged policy.

The plaintiff further suggests that this case presents a question that is "capable of repetition, yet evading review," *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911), and therefore should be decided

even though it would otherwise be moot. The plaintiff has relied upon a case from the Court of Appeals for the Fourth Circuit to support her position. That case challenged a Virginia statute which allowed the garnishment of Social Security benefits. *Harris v. Bailey*, 675 F.2d 614 (1982). In *Harris*, the court found that, even though the garnished money had been returned to the appellant, her poverty made it likely that she would again be subject to the same procedure. *Id.* at 616. The court found substantial public interest in having the suit considered because of the deprivation of personal property under the statute. *Id.*, citing *Hammond v. Powell*, 462 F.2d 1053 (4th Cir.1972). In *Hammond*, the plaintiff challenged a South Carolina repossession statute. *Id.* The *Harris* court found that each case challenged a brief procedure that was capable of repetition, yet evading review. *Id.* The procedure challenged here is not so brief that it could not be adjudicated while a live issue exists. Additionally, there has been no deprivation of personal property to justify an exception to the case or controversy requirement. The plaintiff has failed to convince the court that the matter would evade review were a claimant denied an independent determination of disability required by the regulations.

The plaintiff would save her action from being dismissed as moot by amending her complaint and moving the court to certify a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

■ The proposed class consists of all persons who have applied for Medicaid under SSI-related eligibility since February, 1984 or who will apply and who have not or will not be provided an independent determination of disability. This class includes persons who have been found to be disabled by SSI as well as those who have been found not disabled. A second determination of disability could cause some members of the class to lose their Medicaid eligibility. For this reason the plaintiff cannot be said to fairly and adequately protect the interests of the class in seeking

independent determinations of disability for the class. Fed.R.Civ.P. 23(a)(4). For this reason, the court is of the opinion that the motions for leave to amend the pleadings and for certification of the class should be denied. Accordingly, the defendants are entitled to summary judgment. Fed.R.Civ.P. 56.