**I. Bertrand CHERNIN, et al., Plaintiffs,**

v.

**Nancy WELCHANS, etc., et al., Defendants.**

**No. C85–109.**

United States District Court, N.D. Ohio, E.D.

March 31, 1986.

---

See also, D.C., 641 F.Supp. 1349.

Sheldon Stein, Cleveland, Ohio, for plaintiffs.

Jules N. Koach, Asst. Director of Law, City of Cleveland Heights, Cleveland, Ohio, for Nancy Welchans.

Peter A. Joy, Kirsten Hotchkiss, University Legal Center, Cleveland, Ohio, for Michael Bessendorf, Amelia Dubaniewicz and Beverly Brott.

Fred J. Pompeani, Michael P. O'Grady, Asst. Attys. Gen., Cleveland, Ohio, for State of Ohio.

## MEMORANDUM OF OPINION AND ORDER OVERRULING DEFENDANT WELCHANS' MOTION TO NAME THE STATE OF OHIO AS AN ADDITIONAL PARTY DEFENDANT

KRENZLER, District Judge.

This case concerns allegations by the plaintiff-landlords that Ohio Rev. Code Ann. §§ 5321.07 *et seq.* act to deny the plaintiffs due process of law and equal protection of the laws and interfere with their right to contract. Those code sections permit tenants to pay rent money into Court-maintained escrow accounts under certain conditions. The plaintiffs seek injunctive and declaratory relief with findings that the statute is unconstitutional and void.

Pending before the Court is a motion by defendant Nancy Welchans, the Clerk of the Cleveland Heights Municipal Court, who seeks an order from the Court adding the State of Ohio as an additional party defendant. The motion is based, first, upon Ms. Welchans' contention that she is a state official since her position and the court for which she works were created by state law. She also contends that she has no substantial interest in defending the constitutionality of the statute while the State's interest is manifest. Finally, she argues that since a finding that the statute is unconstitutional would have applicability well beyond the boundaries of Cleveland Heights, the State should be responsible for defending the statute, not her.

While Ms. Welchans' latter two arguments have a logical appeal, none of her arguments are supported by the relevant case law. Whether Ms. Welchans is a state employee is irrelevant to whether the State of Ohio should be named as a party to this action. Well-established precedent demonstrates that even if Ms. Welchans is a state official or employee, an action against her alleging constitutional violations is *not* an

action against the state. *Georgia Railroad and Banking Company. v. Redwine*, 342 U.S. 299, 304, 72 S.Ct. 321, 324, 96 L.Ed. 335 (1952), and *Harris v. Bailey*, 675 F.2d 614, 617 (4th Cir. 1982).

The only relevance Ms. Welchans' status has to this action is whether the state has an obligation to represent her and whether the Court must certify this challenge to the constitutionality of an Ohio statute to the Ohio Attorney General pusuant to 28 U.S.C. § 2403(b). If she is a state officer or employee, the state is arguably under some obligation to provide legal representation but the Court is then not obligated to certify the challenge to the statute to the Attorney General. *Spring v. Caldwell*, 92 F.R.D. 7 (S.D. Texas 1981). If Ms. Welchans is not a state officer or employee, certification to the Attorney General is mandatory under § 2403(b), since the Court has also determined that the State of Ohio need not be added as a party defendant.

■ It is the Court's conclusion that Ms. Welchans is an employee and/or officer of the City of Cleveland Heights and not of the State of Ohio. Accordingly, certification pursuant to 28 U.S.C. § 2403(b) shall issue under a separate order from the Court.

■ Ms. Welchans' other arguments for naming the State as a party are that her interest in defending the statute is minimal while the State's interest is substantial. While that may be the case, it is insufficient cause under Fed. R. Civ. P. 19(a) to add the State as a party. The Rule states:

> Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Since complete relief can be accomplished without the State of Ohio as a party, joinder must be mandated, if at all, under the second clause of the Rule.

While Ohio does not "claim" an interest in the action, it is undoubtedly true that Ohio's interest in the constitutionality of its laws is substantial. Given that substantial interest, the question is then whether nonjoinder would impair Ohio's ability to protect that interest.

If the Court were to conclude that nonjoinder so impairs Ohio's ability to protect its interest in defending the constitutionality of this law, the Court would, in essence, require the State to be joined on every occasion that the constitutionality of a state statute is challenged. Such a conclusion is inconsistent with 28 U.S.C. § 2403(b) which by its terms acknowledges that there will be challenges to the constitutionality of state statutes in which the state and its officers and employees are not a party to the action. Indeed, the very interests which Ms. Welchans argues must be protected by mandatory joinder are already protected by 28 U.S.C. § 2403(b). Finally, non-joinder of the State would not subject the defendants to substantial risk of "double, multiple, or otherwise inconsistent obligations."

Fed. R. Civ. P. 19(a) does not support Ms. Welchans' motion to add the State of Ohio as a party defendant. In addition, the Court notes that the Eleventh Amendment to the United States Constitution bars suits against sovereign states without their ex-

press permission. To the extent defendant Welchans still intends to seek to add the State of Ohio as a third-party defendant as suggested at the March 3, 1986 pretrial, she is advised to carefully review the case law regarding the doctrine of sovereign immunity before doing so.

Defendant Nancy Welchans' motion to name the State of Ohio as a party defendant is overruled.

IT IS SO ORDERED.