Esther V. REIGH; Ivery Mae Simpkins; David Michael Simpkins; Lenora C. Dannie, Plaintiffs-Appellees,

v.

Charles L. SCHLEIGH, in his official capacity as Principle Clerk of the District Court for Washington County; Nancy Mueller, in her official capacity as Clerk of the District Court for Howard County; William A. Dorsey, in his official capacity as Administrative Clerk of the District Court of Baltimore City, Defendants-Appellants.

Esther V. REIGH; Ivery Mae Simpkins; David Michael Simpkins; Lenora C. Dannie, Plaintiffs-Appellants,

v.

Charles L. SCHLEIGH, in his official capacity as Principle Clerk of the District Court for Washington County; Nancy Mueller, in her official capacity as Clerk of the District Court for Howard County; William A. Dorsey, in his official capacity as Administrative Clerk of the District Court of Baltimore City, Defendants-Appellees.

Nos. 87–1007(L), 87–1026.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1987.

Decided Oct. 2, 1987.

Andrew Howard Baida, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Ralph S. Tyler and James G. Klair, Asst. Attys. Gen., Baltimore, Md., on brief), for defendants-appellants.

Elizabeth Ann Renuart, Legal Aid Bureau, Inc., Frederick, Md., for plaintiffs-appellees.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Although defendants prevailed in the judicial aspects of plaintiffs' claim that Maryland's attachment procedures were unconstitutional because they did not afford procedural due process to a debtor and did not provide a sufficiently prompt hearing, *Reigh v. Schleigh,* 784 F.2d 1191 (4 Cir.) (reversing *Reigh v. Schleigh,* 595 F.Supp. 1535 (D.Md.1984)), *cert. denied,* — U.S. ——, 107 S.Ct. 167, 93 L.Ed.2d 105 (1986), the result stemmed from Maryland's amendment of its rules while the litigation was pending. The district court found, however, that to a limited extent, plaintiffs were "prevailing parties" because their lawsuit caused Maryland to correct the constitutional deficiencies in its attachment procedures and they were therefore entitled to an award of counsel fees under 42 U.S.C. § 1988. The district court awarded $2,409.20. Plaintiffs had requested $12,046.00.

Both parties appeal. Plaintiffs contend that the final order terminating the litigation entered by the district court on remand from us is deficient because it contains no findings as to disputed issues and it fails to enter judgment for plaintiffs on the issues on which they prevailed. The significance of the contention lies in its effect on the extent to which plaintiffs prevailed. Maryland does not contest the reasonableness of the attorney's fees that were awarded, but it contends that plaintiffs were not prevailing parties to any extent so that no award should have been made.

We affirm in both appeals.

We think that the final judgment entered by the district court was entirely consonant with our decision. We also think that plaintiffs did not gain victories, not reversed on appeal, that should have been included in the final order.

The fact, however, that plaintiffs did not obtain a favorable final judgment does not foreclose all of their claim to attorney's fees. *See Smith v. Univ. of North Carolina,* 632 F.2d 316, 346 (4 Cir.1980). *Smith* recognizes that an award may be made even if plaintiff does not obtain a favorable judgment if it is found that plaintiff's actions caused defendant to remedy his errant ways. The recent decision in *Hewitt v. Helms,* — U.S. ——, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), does not displace *Smith;* it confirms it. In *Hewitt,* the Court said:

> It is settled law, of course, that relief need not be judicially decreed in order to justify a fee award under § 1988. A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment—*e.g.,* a mon-

etary settlement or a change in conduct that redresses the plaintiff's grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.

— U.S. at ——, 107 S.Ct. at 2676.

Here the district court found that plaintiffs' suit "did achieve a limited change in the notice actually given to judgment debtors in postjudgment garnishments" and to that extent plaintiffs were "prevailing parties." The district court also found that only 20% of the attorneys' time was expended in accomplishing that limited change.

Our review of the record satisfies us that these factual findings are not clearly erroneous and that the judgment is correct.

AFFIRMED.