884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter R. PICKENS, Petitioner-Appellant,
v.
Martin MAKEL, Respondent-Appellee.
 No. 88-1673.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges and JULIA S. GIBBONS*, District Judge.
 PER CURIAM.
 
 
 1
 Walter Pickens appeals the district court's denial of his pro se application for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Walter Pickens is currently confined at the Michigan Dunes Correctional Facility in Holland, Michigan. Pickens was convicted of first degree murder and was sentenced to life imprisonment. Pickens has exhausted his state court remedies concerning the issues raised in his habeas petition. See Picard v. Connor, 404 U.S. 270 (1971); Anderson v. Harless, 459 U.S. 4 (1982). We affirm the district court's denial of Pickens' three-part habeas claim.
 
 
 2
 Pickens argues that the prosecutor violated his fifth amendment right to remain silent by indirectly commenting on Pickens' right not to testify. The district court correctly applied this circuit's four-part test in Hern v. Mintzes, 708 F.2d 1072, 1077 (6th Cir.1983). The district court held (1) that the prosecutor was not commenting on Pickens' exercise of his fifth amendment right but rather on the fact that neither of the identifying witnesses had waivered in the identification they had made and, therefore, the prosecutor did not "manifestly intend" to comment on Pickens' failure to testify, see Steele v. Taylor, 784 F.2d 1193 (6th Cir.1982), cert. denied, 450 U.S. 1053 (1983), (2) the prosecutor's remarks were not extensive but were all part of one assertion and were not repeated, (3) the evidence of Pickens' identification by the witnesses was overwhelming, and (4) no curative instructions were necessary to be given by the trial court as there was no objection to the comments at trial. The district court also properly instructed the jury on Pickens' right not to testify during voir dire and again when submitting the case for determination. As Pickens' first habeas claim did not meet the above four-factor test, the district court correctly held the claim to be without merit.
 
 
 3
 The district court properly denied Pickens' second habeas claim that the prosecutor improperly referred in his opening argument to tips which led to the arrest of Pickens. The district court correctly noted that the standard applied to prosecutorial misconduct is whether the misconduct deprived the petitioner of a fundamentally fair trial. Stumbo v. Seabold, 704 F.2d 910 (6th Cir.1983). In the instant case, after comment by the prosecutor regarding anonymous tips, Pickens moved for a mistrial. The trial court denied the motion and gave a cautionary instruction to the jury to disregard the prosecutor's remarks. No further reference was made by the prosecution to interject this material into the trial. The district court correctly held that any error which may have occurred as a result of the prosecutor's opening statement was cured by the trial judge's cautionary instruction. Pickens was not denied a fundamentally fair trial according to the Stumbo v. Seabold test. Further, on the trial court record there was ample competent proof to establish guilt aside from the alleged improper conduct of the prosecutor and, thus, any prejudicial effect of the prosecutor's opening statement was harmless error. Chapman v. California, 386 U.S. 18 (1967).
 
 
 4
 Pickens' third habeas claim alleges prosecutorial misconduct in referring to the presence of attorneys at a lineup. Pickens asserts that the prosecutor's reference to the attorneys at the lineup bolstered the testimony of the prosecutor's witnesses concerning their identification of Pickens as the murderer. Once again, under the Stumbo v. Seabold test applied to prosecutorial misconduct, the district court correctly held that Pickens was not deprived of a fundamentally fair trial. There was no claim that the lineup was unfair and Pickens did not seek to suppress the identification.
 
 
 5
 For the reasons stated above, we affirm the district court.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation