JoAnn AACEN, for herself and on behalf of others similarly situated, Plaintiff–Appellant,

v.

SAN JUAN COUNTY SHERIFF'S DEPARTMENT; Doug Brown, in his individual capacity; Jack A. Richards, in his individual and official capacities; Billy Hillgartner, in his official capacity and on behalf of a class of others similarly situated; Gregory T. Ireland, Defendants–Appellees.

No. 90–2036.

United States Court of Appeals, Tenth Circuit.

Sept. 5, 1991.

---

Stephen T. LeCuyer of Mettler & LeCuyer, P.C., Albuquerque, N.M., for plaintiff-appellant.

Robin D. Strother of Tansey, Rosebrough, Gerding & Strother, P.C., Farmington, N.M., for defendants-appellees.

Before MOORE, ANDERSON and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

JoAnn Aacen brought a civil rights action against the San Juan County Sheriff's Department and various law enforcement personnel claiming that she did not receive due process when her truck, which qualified for an exemption from execution, was seized by the sheriff and sold in satisfaction of a judgment against her. The court dismissed her action, holding that she received meaningful notice under the Fourteenth Amendment regarding her personal property exemptions. On appeal, Aacen asserts that the notice she received was insufficient for due process purposes and that certain New Mexico post-judgment execution statutes are unconstitutional because: (1) they fail to require adequate notice to a judgment debtor with respect to seizures of exempt property; (2) they fail to provide sufficient notice of state property exemptions; (3) they also fail to require notice of the means for asserting exemption rights; and, (4) that the relevant statutes fail to require a prompt hearing to resolve exemption claims. We affirm in part and reverse in part.

## I. BACKGROUND

In November 1984, JoAnn Aacen purchased a truck from Ziems Motor Co. for $10,700, for which she made monthly payments. After several months, she returned the truck to Ziems. She was current on her payments at that time. On November 8, 1985, Ziems sued Aacen for the deficiency balance remaining after resale of the truck. Although served with the summons and complaint, Aacen took no action and the district court entered a default judgment against her in the amount of $3,946.91. In the meantime, Aacen had purchased another truck for $1,500. On January 3, 1986, the court clerk issued a Writ of Execution to the San Juan County Sheriff, directing the Sheriff to seize Aacen's property to satisfy the judgment. Sheriff Jack A. Richards served the Writ of Execution on Aacen on January 10 and advised her that she had until the following Friday to pay the creditor to avoid seizure of her pickup.[1] Aacen, having no money and being recently unemployed, knew that she could not pay the creditor and consequently removed her personal possessions from the vehicle on Friday morning. Later that day, without further notice, the truck was taken by Richards.

Under New Mexico law, a number of exemptions are available to judgment debtors. New Mexico Stat.Ann. § 42-10-2 exempts limited amounts of cash, jewelry and tools of the trade, as well as one motor vehicle up to $4000 in value, from execution.[2] Also, if the debtor does not own a

---

1. The testimony differs regarding the length of time elapsing between service and seizure. However, that discrepancy does not effect our due process analysis in this case.

2. We note that the statute, if taken literally, would *not* exempt the listed property from execution. The provision states: "[p]ersonal property *other than* [the listed property] is exempt from ... execution." N.M.Stat.Ann. § 42-10-2

home, she may claim an exemption in lieu of homestead, N.M.Stat.Ann. § 42–10–10, to protect an additional $2000 worth of personal property.

Aacen's truck could have been exempted from execution either under the in-lieu-of-homestead exemption or the motor vehicle exemption. However, Aacen never asserted her exemption rights in the truck and never contacted the Sheriff's Department or the court in an attempt to get her truck back. She did call a friend, an employee of Ziems, to see "if there was anything [she] could do." Tr. at 28. He said no. The pickup was consequently sold by Richards on February 25, 1986 to Ziems in a public sale in partial satisfaction of the judgment against Aacen. Later that year, Aacen learned that there was some possibility that she could get her pickup back and went to a legal aid office for assistance. She then brought this case.

Aacen claimed at trial that she did not receive notice of any exempt property at or before the time of seizure. However, the trial court found that she did receive a "Notice of Exemption in Lieu of Homestead" ["Notice"], as required by New Mexico law for that exemption, and that she failed to claim that exemption although she qualified for it. The Notice required a signature acknowledging receipt of the "written notice to claim an exemption in lieu of homestead, in addition to any other exemptions, in the amount of $2000" and allowed the debtor to designate the property she sought to be protected by the exemption. The Notice also advised the debtor to "notify the Court of Origin" if she wished to claim any exemptions. New Mexico law does not require additional notice of the availability of other exemptions and Aacen received none.

The court held that the "[w]rit of execution and accompanying notice served on [Aacen] constituted meaningful notice under the due process clause of the Fourteenth Amendment," Tr. at 91, and denied Aacen declaratory, injunctive and monetary relief. On appeal, Aacen does not challenge the court's finding that she received the Notice of Exemption in Lieu of Homestead. She reurges only her contention that she did not receive sufficient notice about her motor vehicle exemption and that New Mexico's post-judgment execution statutes are unconstitutional because they do not require notice of seizure, the availability of other exemptions (specifically, the exemption of vehicles and other specified property) or hearings, nor do they require prompt procedures for claiming such exemptions.[3]

## II. DUE PROCESS

 This case presents an issue of procedural due process and thus raises two questions. First, we must determine whether Aacen possesses a property right protected by due process. Other circuits have uniformly treated garnishment exemptions as property interests entitled to due process protections. *Reigh v. Schleigh*, 784 F.2d 1191, 1194–96 (4th Cir. 1986); *McCahey v. L.P. Investors*, 774 F.2d 543, 548–50 (2d Cir.1985); *Dionne v. Bouley*, 757 F.2d 1344, 1350 (1st Cir.1985); *Finberg v. Sullivan*, 634 F.2d 50, 56 (3d Cir. 1980) (en banc); *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1365 n. 9 (5th Cir.1976), *cert. denied*, 430 U.S. 949, 97 S.Ct. 1588, 51 L.Ed.2d 797 (1977). No circuit has held to the contrary. We agree with our sister circuits and hold that by creating exemptions from execution, New Mexico granted judgment debtors a property interest in retaining their exempt property.[4] While the state need not grant such

(Supp.1990) (emphasis added). Apparently, this is a grammatical error and we interpret the provision to have the meaning clearly intended by the New Mexico legislature—that certain basic necessities should be preserved for the debtor.

3. Because a New Mexico statute requires notice of the exemption in lieu of homestead, we do not review the constitutional sufficiency of no-

tice of that exemption. We only review the sufficiency of notice with respect to exemptions of other personal property, including motor vehicles.

4. "Property interests ... are created and their dimensions are defined by ... state law." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1974). New Mexico Stat.Ann. § 42–10–2 states that "one mo-

exemptions, once given, the property rights they create are entitled to due process protection. *See Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (six justices holding that deprivations of state entitlements must satisfy due process requirements); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 262 & n. 8, 90 S.Ct. 1011, 1018 & n. 8, 25 L.Ed.2d 287 (1970) (procedural due process is applicable to deprivation of benefits to which plaintiff is statutorily entitled).

■ Second,

to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Zinermon v. Burch,* 494 U.S. 113, ——, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (emphasis omitted). We turn now to that question.

A. *The Analysis:*

The defendants argue that *Endicott–Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924), controls here. In that case, the Supreme Court held that a judgment debtor is not constitutionally entitled to notice and a hearing *prior* to the issuance and execution of a writ of garnishment. Rather, the court found that "after the rendition of the [underlying] judgment [the debtor] must take 'notice of what will follow.' "

*Id.* at 288, 45 S.Ct. at 62. However, we agree with the subsequent cases which find that *Endicott* did not consider the existence of exempt property that might nevertheless be erroneously seized if some post-judgment notice and hearing are not accorded to the debtor. *McCahey v. L.P. Investors,* 774 F.2d at 547–48; *Dionne v. Bouley,* 757 F.2d at 1351–52; *Finberg v. Sullivan,* 634 F.2d at 56–57.[5] "*Endicott's* rationale assumed that the judgment resolved all outstanding issues between the debtor and the creditor, collection being a ministerial act. However, the judgment does not resolve whether certain property is exempt." *McCahey v. L.P. Investors,* 774 F.2d at 548. That is, while the judgment resolves the issue whether a debt exists, it does not address whether the creditor can seek satisfaction of the debt from this particular asset. *Dionne v. Bouley,* 757 F.2d at 1352. In addition, *Endicott* addressed *pre*-execution notice of seizure and hearing, which are not at issue here. Rather, Aacen seeks only to be notified of her exemptions and to be heard *after* execution of the writ. Thus, *Endicott* is not dispositive of this case.

■ The circuit courts reviewing the constitutional sufficiency of notification and hearing procedures in post-judgment garnishment proceedings have universally employed the balancing test summarized in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).[6] *McCahey v. L.P. Investors,* 774 F.2d at 548–49; *Dionne v. Bouley,* 757 F.2d at 1350; *Finberg v. Sullivan,* 634 F.2d at 58; *Brown v. Liberty Loan Corp. of Duval,* 539 F.2d at 1365 (although *Mathews* had not yet been decided, the court used a similar balancing analysis).

tor vehicle in the amount of four thousand dollars ($4,000) ... *is exempt* ... from ... execution...." (emphasis added). Thus, the New Mexico legislature granted the judgment debtor a vested property right to protect a motor vehicle, within the stated monetary range, from execution. That the legislature intended to grant that right is supported by the fact that the 1979 amendment to the statute substituted "is exempt" for "may be held exempt."

**5.** A number of authorities have questioned the precedential value of *Endicott* in light of mod-

ern due process decisions. *See* sources cited in *Dionne v. Bouley,* 757 F.2d at 1351 n. 10, and *McCahey v. L.P. Investors,* 774 F.2d at 547 n. 5.

**6.** The Fourth Circuit, in *Reigh v. Schleigh,* 784 F.2d 1191 (4th Cir.), *cert. denied,* 479 U.S. 847, 107 S.Ct. 167, 93 L.Ed.2d 105 (1986), did not expressly use the balancing test. However, that court relied on the analysis of the earlier decisions in determining the requisite specificity of such notice.

[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. at 335, 96 S.Ct. at 903. We similarly review New Mexico's statutory framework governing post-judgment execution.[7]

The analysis of these courts also informs us in balancing the competing concerns of creditor and debtor. Essentially, the other circuits have consistently found that after obtaining a judgment against the debtor, the creditor has a strong interest in a prompt and inexpensive satisfaction of the debt since undue delay may result in the debtor's disposition of the property or the diminution of its value. *McCahey v. L.P. Investors,* 774 F.2d at 549; *Dionne v. Bouley,* 757 F.2d at 1352; *Finberg v. Sullivan,* 634 F.2d at 58; *see Brown v. Liberty Loan Corp. of Duval,* 539 F.2d at 1366–67. However, these interests do "not erase all consideration for the debtor with respect to property which the law forbids the creditor to attach in satisfaction of the debt." *Dionne v. Bouley,* 757 F.2d at 1352; *see also McCahey v. L.P. Investors,* 774 F.2d at 549; *Finberg v. Sullivan,* 634 F.2d at 58. Particularly after the property is attached, thereby removing the possibility that the debtor will destroy or conceal her assets, the creditor's interests are adequately preserved and the debtor's interest in the property becomes "very compelling."

*Finberg v. Sullivan,* 634 F.2d at 58; *see also Dionne v. Bouley,* 757 F.2d at 1352 (debtor entitled to procedural safeguards that can be afforded without undermining creditor's adjudicated rights).

Keeping these considerations in mind, we turn now to the facts of this case to evaluate the sufficiency of the notice and hearing provided to Aacen under New Mexico law.

### B. *Notice of Seizure:*

■ We respond first to Aacen's challenge to the statutes regarding notice of seizure. At trial, Aacen admitted that she had been served with the writ of execution and was informed at that time that Richards would seize her pickup to satisfy the judgment on her previously owned truck. It is clear Aacen knew of the pending seizure since she removed her personal belongings from the truck. Aacen now argues that actual notice of seizure is an inadequate substitute for written notice. Appellant's Reply Brief at 4 n. 3. However, Aacen received written notice in the form of the writ of execution. Because we find that Aacen received sufficient notice of the seizure, we do not reach the constitutionality of New Mexico's statutes in this regard.

### C. *Notice of Exemptions and Hearing:*

■ Aacen next contends that New Mexico law does not provide for constitutionally sufficient notice of personal property exemptions in execution cases because it requires notice only of the exemption in lieu of homestead and that Notice is inadequate. She further argues that the post-judgment execution statutes are unconstitutional because they do not require notice of an exemption hearing and the Notice

---

7. The defendants argue that reliance on garnishment cases is erroneous since "[t]he differences between garnishments and executions can be significant," Appellee's Brief at 10, citing solely to the obvious fact that garnishment actions *attach to the debtor's assets in possession of a third party.* However, we find that the due process analysis with regard to exemption from the two procedures is fundamentally the same.

Due process concerns are the same for all protected property, whether monetary or nonmonetary and "[w]e see no difference in law between [a case involving garnishment] and the present case in which the judgment debtor's assets are in his own possession at the time of execution." *Clay v. Edward J. Fisher, Jr., M.D., Inc.,* 584 F.Supp. 730, 732 (S.D.Ohio 1984).

provided did not adequately inform her of that right. We agree.

Due process requires notice which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Furthermore, due process requires that the notice "apprise the affected individual of, and permit adequate preparation for, an impending hearing." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978). Aacen did not receive such notice nor do New Mexico's statutes provide for it.

The defendants argue that the Notice of Exemption in Lieu of Homestead provided to Aacen is sufficient notice of exemptions because the Constitution does not require that a list of all available exemptions be provided to the debtor and cite to *Reigh v. Schleigh*, 784 F.2d 1191 (4th Cir.), *cert. denied*, 479 U.S. 847, 107 S.Ct. 167, 93 L.Ed.2d 105 (1986). However, in *Reigh*, the court held that an exhaustive list of exemptions was unnecessary "if the notice alert[s] the judgment debtor that there are certain exemptions under state and federal law which the debtor may be entitled to claim with respect to the attached property...." *Reigh v. Schleigh*, 784 F.2d at 1196. Similarly, in *Dionne v. Bouley*, 757 F.2d at 1354, the First Circuit held that the debtor need not be informed of *all* available exemptions as long as she is informed that there are certain exemptions which she may be entitled to claim. *See McCahey v. L.P. Investors*, 774 F.2d at 550–52 (general explanation of exemptions with expressly partial list of exempt properties constitutional). Aacen, however, was not provided with general notice of the availability of various other property exemptions. Rather, she was served only with the Notice of Exemption in Lieu of Homestead.

The Notice of Exemption in Lieu of Homestead, by its own terms,[8] informs the debtor only of her right to claim the exemption in lieu of homestead. It does not

---

8.

NOTICE OF EXEMPTION IN LIEU OF HOMESTEAD

------------------, being a resident of San Juan County, State of New Mexico, and being the person named in an action seeking to attach, execute or foreclose by judgment, do hereby acknowledge that the Sheriff of San Juan County, State of New Mexico, has provided my with this written notice of my right to claim an exemption in lieu of homestead, in addition to any other exemptions, in the amount of two thousand and 00/100 ($2,000.00) dollars.

I hereby declare that I ____ do ____ do not desire to claim the exemptions.

I desire to claim the exemption in lieu of Homestead on the following described property which has the stated value set opposite the described property:

Property: Stated Value:

_____ _____

_____ _____

_____ _____

Signed:

_____
Person Claiming Exemption

Witnessed:

_____
Deputy Sheriff

If you wish to claim any exemptions please notify the Court of Origin.

purport to nor is it intended to notify the debtor of other possible exemptions. As for the obscure reference to the "other exemptions," it is unlikely that a reasonable judgment debtor, reading the document at the time of service, would be aware that additional exemptions exist and are available to her.[9]

The defendants contend that by notifying Aacen of a specific exemption, Aacen had more information than debtors provided with general references to available exemptions and, therefore, in comparison, she received constitutionally sufficient notice. We disagree. Exemptions are not fungible. Thus, notice of a single exemption does not necessarily meet the due process requirements as to any additional exemptions.

Indeed, the notice of the single exemption provided here may actually tend to mislead the debtor. Specifically, since one exemption is listed and a claim form provided, the debtor may reasonably believe that the exemption in lieu of homestead is the exclusive form of relief. Then, being unadvised as to the availability of additional remedies, the debtor may not pursue her other exemption claims. Accordingly, she may either fail to protect any property or claim the exemption in lieu of homestead, listing her truck or other specifically exempt property as protected property, believing it to be the sole method of protection. Thus, the debtor would mistakenly use her in-lieu-of-homestead exemption to protect property which the legislature clearly and expressly intended to protect *"in addition to"* that exemption. N.M.Stat.Ann. § 42–10–10(A). As a result, $1500 of the debtor's property would be subject to execution that would otherwise have been protected under the in-lieu-of-homestead exemption. Therefore, while a list of all exemptions may not be necessary, notice of the single exemption in this case

does not replace general notification of other unlisted exemptions and, thus, violates Aacen's due process rights.

Even if Aacen had realized the availability of other state exemptions, Aacen was not provided with meaningful notice that any process existed by which to assert her exemption rights or information regarding how to pursue such claims.

First, the information regarding the assertion of exemption rights is at the bottom of a form expressly and intentionally notifying the debtor solely of a particular exemption. Thus, we cannot find that, as to the motor vehicle exemption, Aacen received meaningful notice. Second, the Notice does not inform the debtor that a hearing for asserting her exemption claims is available. Rather, the Notice states only that to claim any exemption, the debtor should "notify the Court of Origin." And, third, the information given may not even adequately inform the debtor of how to trigger the process. Certainly some forms of notification to the court may trigger a hearing, such as the filing of a claim of exemption form or other papers indicating that the debtor has a right she wishes to assert. However, other forms of "notification" would not afford the debtor her process. The clerk at the "court of origin" testified that, upon contact, she would redirect the debtor to an attorney since the court did not handle paperwork and since she did not know anything about exemptions. Thus, if the debtor were to follow the instructions provided, a hearing would not necessarily be scheduled and her deprivation of exempt property may be unnecessarily prolonged. Furthermore, the frustration of being directed to the court and then redirected to hire an attorney, when, as here, the debtor has few assets or cash reserves, may dishearten and discourage

---

**9.** Not only is this lack of notice evident from the face of the form, the Sheriff's Department admittedly *did not intend to give such notice of* other exemptions. Prior to 1985, the Sheriff's Department served all judgment debtors with a list of specific exemptions, including one motor vehicle up to $4000 in value, along with the notice of exemption in lieu of homestead. That

addendum was removed in 1985 upon the advice of District Attorney William Birdsall. Birdsall's recommendation was based on his analysis that since the statutes required notice of the exemption in lieu of homestead, N.M.Stat.Ann. § 42–10–10(B), the sheriffs should "do what the law said and ... not ... go beyond that...." Tr. at 65.

many debtors from pursuing their legitimate remedies.[10]

Aacen contends that since the Supreme Court held in *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. at 14–15 n. 15, 98 S.Ct. at 1563 n. 15, that "recipients of a [utility] cutoff notice should be told where, during which hours of the day, and before whom disputed bills appropriately may be considered" to satisfy due process, "then surely it requires more information as to the procedure for asserting exemption from execution," Appellant's Brief at 33. We disagree. Such specificity may not be practical and may place too great a burden on the state. Furthermore, we recognize that "[e]laborate explanation of the procedures for asserting an exemption may so confuse a layman that he or she may be put off by the complexities and simply allow the seizure." *McCahey v. L.P. Investors*, 774 F.2d at 550.

■ Thus, since "[k]nowledge of ... exemptions is not widespread," *Finberg v. Sullivan*, 634 F.2d at 62, particularly "in this context ... which involves destitute people whose property has suddenly been seized as well as exemptions pertaining to life's basic necessities," *Dionne v. Bouley*, 757 F.2d at 1352, we find that the Constitution requires, at minimum, that the debtor be informed that various state exemptions as to certain real and personal property exist and, if an incomplete list is given, state that the list is partial and advise the debtor regarding discovery of unlisted exemptions.[11] Due process also requires some indication that a procedure exists to protect one's exempt property and how, in general, either to trigger the process or to gain information regarding the process. *McCahey v. L.P. Investors*, 774 F.2d at 550 (sufficient to recommend in capital letters

that debtor contact an attorney or Legal Aid in combination with notice of existence of procedures to test exemption claims); *see Reigh v. Schleigh*, 784 F.2d at 1196; *Dionne v. Bouley*, 757 F.2d at 1354; *Finberg v. Sullivan*, 634 F.2d at 62. Since New Mexico's post-judgment execution statutes do not require such notice, we find that they are unconstitutional in that respect.

As a final point, we note that providing additional information would not place any greater burden on the state than it has already chosen to bear in notifying the debtor of her exemption in lieu of homestead. It merely requires the addition and clarification of information to the notice already provided. *See Finberg v. Sullivan*, 634 F.2d at 62. Furthermore, we note that New Mexico already requires that extensive notice explaining and listing garnishment exemptions, N.M.S.Ct.R.Ann. 4–808, –809 (1986), be given to the debtor in certain garnishment situations, *Id.* at 1–065.1(C). Presumably, similar provisions for execution cases would not greatly increase the administrative burden.

To summarize: we reverse the district court's finding that Aacen received meaningful notice under the Fourteenth Amendment and we hold that since New Mexico's post-judgment execution statutes did not require that sufficient notice be given, they are constitutionally deficient.

D. *Hearing:*

■ Due process also requires a prompt hearing to resolve the exemption issue. Aacen argues that New Mexico does not provide for a prompt hearing to resolve execution exemption claims and thus violates due process. We disagree.

---

10. The defendants argue that New Mexico's statutes go further in protecting judgment debtors than other circuits have held is necessary and so should be upheld. They contend that the hearing for claiming the in-lieu-of-homestead exemption in New Mexico is automatically activated by the sheriff's filing of the signed claim of exemption form. However, they do not claim that other exemptions are similarly handled. Thus, we cannot find that the debtor has been

informed adequately as to the procedure for asserting her other exemptions.

11. This holding is consistent with the decisions of the other four circuits analyzing the constitutionality of post-judgment notice of exemptions. *Reigh v. Schleigh*, 784 F.2d 1191; *McCahey v. L.P. Investors*, 774 F.2d 543; *Dionne v. Bouley*, 757 F.2d 1344; *Finberg v. Sullivan*, 634 F.2d 50.

The statute states:

**1–065.1. Garnishment and writs of execution.**

A. **Issuance of execution.** After the filing of the judgment, the clerk shall issue writs of execution upon request of the prevailing party. Executions shall be made in the manner provided by law....

C. **Financial institutions; representative payee.** If the garnishee is a commercial bank, savings and loan association, credit union or representative payee and the judgment debtor is a natural person on or before the fourth business day following the issuance of the writ of garnishment, the judgment creditor shall mail to each named judgment debtor and to their attorneys of record, under separate cover, the application for the writ, writ of garnishment, notice of right to claim exemptions, and two (2) copies of the claim of exemption form, each of which shall be in the official form approved by the supreme court.

E. **Claim of exemption; setting hearing.** Upon receiving a completed claim of exemption form from a judgment debtor, the clerk shall transmit the same to the assigned judge who shall set a hearing on the claim of exemption which shall be held within five (5) business days after the clerk receives the form....

F. **Claim of exemption; hearing.** The judge or his designee shall give notice to the judgment creditor and the judgment debtor of the date and time for the hearing. The applicant's notice of hearing shall also include a copy of the claim of exemption form, as filed by the judgment debtor. The hearing on the claim of exemption shall be held within five (5) business days after the clerk's receipt of the completed claim of exemption form, notwithstanding any other rule to the contrary.

N.M.S.Ct.R.Ann. 1–065.1 (1978).

She contends that subsections (E) and (F), provisions requiring a hearing within five days of the court's receipt of a completed claim of exemption form from the debtor, apply only to writs of garnishment, not writs of execution. She bases this argument on subsection (C) which requires service of claim of exemption forms in certain garnishment situations. While no such forms are required to be served upon the debtor in execution cases, claim of exemption forms exist for writs of execution. *Id.* 4–803. Upon the filing of one of these forms, S.Ct.R.Ann. 1–065.1, on its face, requires a prompt hearing to be held. Thus, New Mexico provides for a prompt hearing to resolve exemption claims in execution, as well as garnishment, cases and we uphold that portion of the post-judgment execution procedures as constitutional.

### III. CLASS CERTIFICATION

Aacen asserted the claims discussed above on behalf of herself and those individuals who have had, or will have, money judgments entered against them and who do or will own non-monetary property in New Mexico that is or may be exempt from execution. The district court denied the motion. Aacen raised the issue at trial and it was again denied. Tr. at 60.

We affirm the district court's denial of class certification on the grounds that, given our holding today, certification is not necessary. *See Griess v. Colorado*, 841 F.2d 1042, 1047 (10th Cir.1988) (affirm judgment on any grounds supported by record even if not relied upon by lower court). The effect of our holding is "tantamount to a grant of classwide relief." *Everhart v. Bowen*, 853 F.2d 1532, 1538 (10th Cir.1988). "A class action [is] not demanded here because the same relief [can] be afforded [the class members] without its use...."[12] *Martinez v. Richardson*, 472 F.2d 1121, 1127 (10th Cir.1973).

### IV. QUALIFIED IMMUNITY

Aacen challenges the district court's determination that defendants Jack A. Richards, deputy sheriff, and Doug Brown,

---

**12.** A number of other courts have similarly held that the district court may decline certification when all class members will benefit from an injunction issued on behalf of the named plaintiffs. *See* cases cited in *Dionne v. Bouley*, 757 F.2d at 1355–56.

sheriff of San Juan County, are entitled to "qualified or good faith immunity."

 Qualified immunity "shield[s government officials] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The burden is on Aacen to prove that the law was clearly established. *Powell v. Mikulecky,* 891 F.2d 1454, 1457 (10th Cir.1989); *Rozek v. Topolnicki,* 865 F.2d 1154, 1157 (10th Cir. 1989). To meet this burden, Aacen must show that "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

Aacen contends that, in the absence of a ruling by this circuit, the necessary notice regarding exemptions is clearly established by three federal appellate cases holding that post-judgment execution procedures must supply the debtor with notice of seizure, exemptions and procedures to challenge the seizure,[13] citing to *Weber v. Dell,* 804 F.2d 796 (2d Cir.1986), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987). However, in *Weber,* the court found that the law was clearly established because "[a]t least eleven circuit court decisions, three of them antedating the search in this case, hold similar policies [body cavity searches without reasonable suspicion that the arrestee is concealing contraband] unconstitutional"—the exact issue and fact situation presented in *Weber. Id.* at 803. Furthermore, the court held that "although we have not directly ruled on the precise issue presented in this case, we have variously described 'the indignities of a rectal

search' as 'insensitive, demeaning and stupid,' 'degrading,' and a 'major invasion into privacy.' " *Id.* (citations omitted). Here, Aacen cites to only three circuits that have addressed the due process requirements of post-judgment seizures and, even in those cases, the facts revolved around garnishment proceedings. Although the due process concerns are the same for both garnishment and execution procedures, a reasonable person may not realize the close correlation in duties and rights that must be accorded in both situations. In addition, this court has not ruled at all on this issue to indicate its disapproval of the type of notice and procedures provided by New Mexico to judgment debtors.

Furthermore, while it may be clear that due process requires notice of exemptions and a hearing upon seizure of a judgment debtor's property, the test of "clearly established law" is not to be applied at this level of generality. Rather the law must be "clearly established" in a more particularized, relevant sense. *Anderson v. Creighton,* 483 U.S. at 639–40, 107 S.Ct. at 3038–39. We cannot say that the few cases cited by Aacen are sufficiently specific to clearly establish to the reasonable official that notice of a single exemption and provision of an exemption claim form to the judgment debtor do not comport with the notice requirements of the Constitution.[14]

And finally, the defendants acted in accordance with New Mexico law. As the parties do not cite to and our research has uncovered no other case in New Mexico or this circuit ruling upon the constitutionality of the statute, the sheriffs' compliance with the law as it existed at the time was objectively reasonable. *Coen v. Runner,* 854 F.2d 374, 377–78 (10th Cir.1988) (citing *Harlow v. Fitzgerald,* 457 U.S. at 818, 102

---

**13.** Aacen cites to *McCahey v. L.P. Investors,* 774 F.2d 543 (2d Cir.1985), *Dionne v. Bouley,* 757 F.2d 1344 (1st Cir.1985), and *Finberg v. Sullivan,* 634 F.2d 50 (3d Cir.1980) (en banc).

**14.** Aacen points out that the defendants "never argued that the due process constraints upon post-judgment execution procedures were unclear or uncertain." Appellant's Brief at 38. However, the burden falls on Aacen to show

that the law was clearly established, *Powell v. Mikulecky,* 891 F.2d 1454, 1457 (10th Cir.1989), not on the defendants to assert or prove the contrary. "[U]nless and until the plaintiff is able to make the required showing that defendant's conduct violated a 'clearly established' right, the government official is properly spared the burden and expense of proceeding any further." *Id.* Aacen has not met that burden.

S.Ct. at 2738). Thus, since the law regarding the sufficiency of notice and hearing for execution exemptions was unclear, we find that the defendants are entitled to qualified immunity.

We AFFIRM the district court's holding as to class certification and qualified immunity; and VACATE its holding as to due process and REMAND for further proceedings consistent with this opinion.