Phillip NEW, Plaintiff,

v.

GEMINI CAPITAL GROUP, and
Neimen, Stone & McCormick,
P.C., Defendants.

No. 4:10–cv–00560–HDV–CFB.

United States District Court,
S.D. Iowa,
Central Division.

May 2, 2012.

Raymond H. Johnson, Johnson Law Firm, West Des Moines, IA, for Plaintiff.

Kevin J. Driscoll, Jeffrey A. Craig, Robert L. Johnson, Finley Alt Smith Scharnberg Craig Hilmes & Gaffney PC, Des Moines, IA, for Defendants.

## RULING DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HAROLD D. VIETOR, Senior District Judge.

Plaintiff Phillip New sues defendants Gemini Capital Group (Gemini) and Neimen, Stone & McCormick, P.C. (NSM) under 42 U.S.C. § 1983 for a taking of his property without due process of law. He claims that defendants violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution by garnishing his bank account without providing sufficient post-garnishment notice. New also claims that this violated Article I, Section 9 of the Iowa Constitution. Additionally, New claims parallel violations of the Iowa Debt Collection Practices Act (IDCPA), Iowa Code §§ 537.7103(1)(f) & (4), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692(e)(2)(A) & (5), for wrongful debt collection practices.

Before the court is defendants' motion for summary judgment. New resists. Because New claims that Iowa's garnishment notice statute, Iowa Code § 642.14, is unconstitutional, the Iowa Attorney General was notified of the suit, but did not intervene. Oral argument was heard April 12, 2012. The motion is fully submitted.

## MOTION STANDARDS

Summary judgment is properly granted only when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(a); *Walsh v. United States*, 31 F.3d 696, 698 (8th Cir.1994). The moving party must establish its right to judgment with such clarity there is no room for controversy. *Jewson v. Mayo Clinic*, 691 F.2d 405, 408 (8th Cir.1982). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. "As to materiality, the substantive law will identify which facts are material.... Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

At the summary judgment stage, the district court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter. *Id.* at 249, 106 S.Ct. 2505. Instead, the court's function is to determine whether a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* at 248, 106 S.Ct. 2505. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Quick v. Donaldson Co.*, 90 F.3d 1372, 1377 (8th Cir.1996). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see Ricci v. DeStefano*, 557 U.S. 557, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009).

## BACKGROUND FACTS

Gemini is a debt collector and, with its law firm NSM, reduced New's Sears credit

card debt to judgment in Iowa District Court, Small Claims Division. In that court, New argued that the debt was time-barred, but he lost on that issue. After also losing his appeal to the district court, New did not file a bond to stay execution of the judgment. Defendants then filed documents with the Clerk of the Iowa District Court in and for Story County and the Story County Sheriff to garnish the funds in New's Wells Fargo bank account. The clerk of court and the sheriff attached and held those funds pending condemnation proceedings.

New did not receive notice of the garnishment from defendants, the sheriff, or the clerk of court. The Iowa garnishment notice statute, Iowa Code § 642.14, provides as follows: "Judgment against the garnishee shall not be entered until the principal defendant has had ten days' notice of the garnishment proceedings, to be served in the same manner as original notices...." Iowa Code § 642.14. Although neither party cites it, Iowa Code § 642.15 provides that judgment debtors may file a petition in the garnishment proceeding seeking to show that the garnished funds are exempt from execution. Neither section, however, requires that notice of the garnishment go to the judgment debtor unless the judgment creditor seeks to condemn the garnished funds. Additionally, judgment debtors are not notified that some property or funds may be exempt from garnishment. Finally, no notice is provided judgment debtors that a hearing is available to claim exemptions. New's funds were garnished, but defendants never sought to have them condemned, so notice was not provided to him by defendants or state officials.

New appealed the main action to the Iowa Court of Appeals, which reversed the district court. *Gemini Capital Group v. New*, 807 N.W.2d 157, 2011 WL 3925723 at *3 (Iowa Ct.App. Sept. 8, 2011) (unpublished decision). The court of appeals noted that Gemini did not submit sufficient evidence of a signed, written account agreement. *Id.* To be entitled to a ten-year statute of limitations for a written agreement, the court required that each essential element of the account agreement be in writing. *Id.* Because Gemini did not produce a written promise from New to pay, the court concluded that the ten-year statute of limitations did not apply. *Id.* Gemini brought its claim outside of the applicable five-year statute of limitations, and the court of appeals reversed the district court. *Id.*

New filed a motion in the district court to vacate the judgment underlying his garnishment. As of December 6, 2011, his funds had not been released. Defendants allege that they contacted the sheriff to have the funds released, but the funds had been remitted to the clerk of court. Defendants contend that New has done nothing else to get the funds back. Neither party addresses whether New filed a petition in the garnishment proceeding pursuant to § 642.15.

## DISCUSSION

## I. FAILURE TO PROVIDE DUE PROCESS

New seeks damages pursuant to 42 U.S.C. § 1983 on the basis that defendants violated his due process rights protected by the Fourteenth Amendment to the United States Constitution. He argues that although defendants complied with Iowa's garnishment notice statute, Iowa Code § 642.14, that statute does not require, and defendants did not provide him, sufficient post-garnishment notice of the garnishment, potentially exempt property, and his opportunity for a hearing. The Fourteenth Amendment's Due Process Clause provides: "No State shall ... deprive any person of ... property ... with-

out due process of law...." U.S. Const. Amend. XIV § 1. To prevail on his § 1983 claim, New must establish that defendants acted "under color of any statute ... of any State," and "deprived him of rights secured by the Constitution...." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Defendants argue that New has established neither state action nor defective notice. Defendants also contend that because they complied with § 642.14, their actions cannot support a § 1983 claim.

## A. STATE ACTION OR UNDER COLOR OF LAW

■ To establish that defendants acted under color of state law, New must show the following:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar,* 457 U.S. at 937, 102 S.Ct. 2744. Defendants argue that there was no state action, relying largely on *Savig v. First Nat. Bank of Omaha,* CIV. 09–132 JNE LIB, 2011 WL 883642 at *2 (D.Minn. Mar. 11, 2011) and *Lind v. Midland Funding, L.L.C.,* CIV. 11–1242 JRT/LIB, 2011 WL 4007336 at *5–6 (D.Minn. Sept. 8, 2011).

*Savig,* which is also a garnishment case, holds that to constitute state action, a private party must be in a "corrupt conspiracy" with state officials and there must exist between them a "meeting of the minds" as to the unconstitutional acts to be undertaken. *Id. Savig's* state action standard comes from *DuBose v. Kelly,* 187 F.3d 999, 1003 (8th Cir.1999), which in turn takes its test from *Dennis v. Sparks,* 449 U.S. 24, 27–29, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). 2011 WL 883642 at *2. In *Dennis,* 449 U.S. at 29, 101 S.Ct. 183, the plaintiff alleged that defendants had violated plaintiff's right to due process by bribing a judge, who was also a defendant. The general state action proposition noted in *Dennis* was simply "[i]t is enough that [defendant] is a willful participant in joint action with the State or its agents." *Id.* at 27, 101 S.Ct. 183. The *Dennis* Court tailored this proposition to allegations of bribing a judge and looked to whether the lawyers and the judge had entered into a corrupt conspiracy, which would necessarily involve a meeting of the minds in respect to the unconstitutional acts. *Id.* at 28, 101 S.Ct. 183. *DuBose* applied the *Dennis* test to allegations that a judge had predetermined the outcome of a trial due to favoritism toward the lawyer defendant, 187 F.3d at 1003.

The Supreme Court has established a standard for state action in an attachment of funds situation, and it is set forth in *Lugar,* 457 U.S. at 941, 102 S.Ct. 2744. The Court noted in *Lugar* that there is state action in developing a statutory attachment scheme, but a private party acting pursuant to a statute cannot be charged with state action without more. *Id.* State action can be attributed to a private party defendant when it has jointly participated with state officials to seize disputed property and the plaintiff challenges as unconstitutional the state statute pursuant to which the defendant and the state officials acted. *Id.* Noting that the state action inquiry is fact-based and context dependent, the Court concluded, that "[w]hatever may be true in other contexts, [joint participation] is sufficient when the State has created a system whereby state officials will attach property on the *ex*

*parte* application of one party to a private dispute." *Id.* at 942, 102 S.Ct. 2744. *Lugar* involved a pre-judgment attachment, but the reasoning applies to a post-judgment attachment much more readily than a test for state action in bribing a judge. *Id.*

■ In *Lind*, 2011 WL 4007336 at *5–6, the other case relied on by defendants, the court noted the test from *Lugar*, 457 U.S. at 937, 102 S.Ct. 2744, but followed *Savig*, 2011 WL 883642 at *2, without further explanation. In the context of alleged bribery of a judge or other improper pre-determination of the outcome of a trial, the corrupt conspiracy and meeting of the minds elements are specific to the allegations. *Dennis*, 449 U.S. at 27, 101 S.Ct. 183; *DuBose*, 187 F.3d at 1003. Notwithstanding *Lind*, 2011 WL 4007336, or *Savig*, 2011 WL 883642, these elements do not apply to allegations of defective notice of garnishment. *Lugar*, 457 U.S. at 942, 102 S.Ct. 2744.

■ Defendants also argue that their compliance with the statutory procedure outlined in Iowa Code § 642.14, which had not been declared unconstitutional at the time of the garnishment, precludes finding them liable for damages under § 1983. *See Hollis v. Itawamba County Loans*, 657 F.2d 746, 749–50 (5th Cir.1981) (holding that a defendant cannot be liable under § 1983 if it complies with the challenged state statutory procedure unless there were improper motives). *Hollis, id.,* and the cases in the string citation that defendants borrow from it, all predate *Lugar*, 457 U.S. at 937, 102 S.Ct. 2744, which rejected the very reasoning relied on in *Hollis*. *See Duncan v. Peck*, 752 F.2d 1135, 1140 (6th Cir.1985) (concluding that *Lugar* rejects the "improper motive" standard from *Hollis*). *Lugar*, on the other hand, held a private actor liable despite its compliance with a garnishment statute that the Court held was unconstitutional.

457 U.S. at 942, 102 S.Ct. 2744. Accordingly, defendants' compliance with § 642.14 is not a defense to § 1983 liability. *Id.*

■ To garnish New's bank account, defendants jointly participated with state officials, namely the clerk of court and the sheriff. The state officials seized New's funds, and New was not involved in the proceeding. Thus, defendants' joint participation with state officials to garnish New's bank account was state action sufficient to support New's § 1983 claim. *Lugar*, 457 U.S. at 941, 102 S.Ct. 2744.

## B. POST–GARNISHMENT DUE PROCESS

■ Defendants also argue that New had sufficient notice of the underlying judgment before defendants garnished his account and, on that basis, his due process rights were not violated. Defendants do not address the adequacy of the post-garnishment notice statute. New responds that the issue is failure to provide *post*-garnishment, not *pre*-garnishment, notice. He argues that he was entitled to receive, within a reasonable time, both notice of the garnishment identifying possibly exempt funds and notice of some procedure or hearing by which he could protect any exempt funds and challenge the garnishment itself.

[I]dentification of the specific dictates of due process generally requires consideration of three factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that

the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Defendants argue that New had his day in court when litigating the underlying judgment, and he is not entitled to notice. The Supreme Court held just this in *Endicott–Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 288, 45 S.Ct. 61, 69 L.Ed. 288 (1924). As the Third Circuit noted in *Finberg v. Sullivan,* 634 F.2d 50, 56 (3d Cir.1980) (en banc), *adhered to,* 658 F.2d 93 (3d Cir.1980), however, the issue of exempt property was not before the Court in *Endicott–Johnson,* and the Court there also addressed whether a judgment debtor was entitled to pre-garnishment notice, as opposed post-garnishment notice. 266 U.S. at 288, 45 S.Ct. 61. Defendants' argument was eloquently answered by the court in *Dionne v. Bouley,* 757 F.2d 1344, 1347 (1st Cir.1985), as follows:

> But while, for purposes of due process calculus, the judgment greatly strengthens the creditor's position, it does not erase all consideration for the debtor with respect to property which the law forbids the creditor to attach in satisfaction of the debt. The debtor is surely entitled to those procedural safeguards which can be afforded without undermining the creditor's adjudicated rights. Once the attachment is made, removing the possibility that the debtor will secrete his assets, the debtor must receive and be notified of a timely opportunity to challenge any sequestration of his property which the law makes unattachable. This is required because an unlawful attachment of the debtor's exempt property affects the debtor's rights in a way in which the judgment does not.

*Id.* at 1352 (citations omitted). Defendants' right to a judgment on the debt that New owed on his credit card account was all that was at issue in the underlying action; when defendants garnished his bank account, only then did New's interest in any exempt funds arise. *See Finberg,* 634 F.2d at 56.

Defendants have not identified any courts that have concluded that a statutory garnishment scheme like Iowa's provides due process. To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Post-garnishment procedures must act to protect the interests of debtors in exempt property, which often involve "destitute people whose property has suddenly been seized [and] exemptions pertaining to life's basic necessities." *Dionne,* at 1353. Moreover, the right to be heard is alone not sufficient; "the hearing must be provided 'at a meaningful time and in a meaningful manner.' " *Id.* (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). "[D]ue process requires that a judgment debtor be afforded an opportunity for a hearing on an exemption claim within a matter of days. . . ." *McCahey v. L.P. Investors,* 774 F.2d 543, 552 (2d Cir.1985). Considering that judgment debtors often face precarious financial situations and that exemptions usually protect the barest essentials, a hearing must be expedient. *Id.* "To the needy heads of families and children dependent upon social security or other benefit programs, even the short-term deprivation of their main or only source of support can have disastrous consequences." *Id.*

Courts are agreed that although pre-garnishment notice is not required, *Endicott–Johnson,* 266 U.S. at 288, 45 S.Ct. 61, post-garnishment notice is required, and

due process requires that, at a minimum, the notice informs the judgment debtor that some property may be exempt and that a process is available to claim exemptions. *See Aacen v. San Juan County Sheriff's Dept.*, 944 F.2d 691, 693–94 (10th Cir.1991); *Dionne*, 757 F.2d at 1347; *Finberg*, 634 F.2d at 56; *see also Reigh v. Schleigh*, 784 F.2d 1191, 1196 (4th Cir. 1986) (holding that due process requirements were satisfied by post-garnishment notice and hearing); *McCahey*, 774 F.2d at 549 ("post-seizure notice of the fact of the seizure is an elemental requirement of due process,"); *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976) (post-judgment garnishment procedure satisfied due process because it provided for notice upon garnishment and opportunity for a prompt hearing allowing debtor to claim exemptions). In *Aacen*, the court said:

> [T]he Constitution requires, at minimum, that the debtor be informed that various state exemptions as to certain real and personal property exist and, if an incomplete list is given, state that the list is partial and advise the debtor regarding discovery of unlisted exemptions. Due process also requires some indication that a procedure exists to protect one's exempt property and how, in general, either to trigger the process or to gain information regarding the process.

*Aacen*, 944 F.2d at 699.

In the Iowa garnishment scheme, if the judgment creditor garnishes funds, but does not move to condemn them, notice of the attachment is not required. *See* § 642.14. A judgment debtor will receive actual notice eventually, as plaintiff's counsel argued, when checks begin bouncing and insufficient funds fees start piling up. Under Iowa Code § 642.15, however, a judgment debtor is entitled to file a petition in the garnishment proceeding between the judgment creditor garnishor and the account holder garnishee to assert entitlement to exemptions. No notice of this avenue for recourse is required after garnishment, § 642.14, and there is no indication in § 642.15 or in the record whether a judgment debtor's petition is treated expediently. Iowa's garnishment notice statute, § 642.14, does not satisfy the notice requirements of due process and is therefore unconstitutional. *See Aacen*, 944 F.2d at 697; *Reigh*, 784 F.2d at 1196; *Dionne*, 757 F.2d at 1352; *McCahey*, 774 F.2d at 549; *Finberg*, 634 F.2d at 59–62; *Brown*, 539 F.2d at 1363. Thus, defendants are not entitled to summary judgment on plaintiff's § 1983 claim.

Both parties agree that analysis of New's Iowa constitutional claim tracks that of the federal due process claim. I agree. Defendants are not entitled to summary judgment on New's Iowa constitutional claim.

## II. FAIR DEBT COLLECTION

The FDCPA, 15 U.S.C. §§ 1692e(2)(A) & (5), imposes "civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, — U.S. ——, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010). For purposes of this case, the IDCPA, Iowa Code §§ 537.7103(1)(f) & (4), prohibits the same activity. New claims that defendants violated the FDCPA and IDCPA (together "the Acts") in three ways. First, he claims that defendants filing suit on a time-barred debt violated the Acts. Second, he argues that garnishing his account in violation of the Iowa and United States Constitutions violated the Acts. Third, he contends that garnishing exempt funds violated the Acts.

### A. FILING SUIT ON A TIME–BARRED DEBT

New alleges that filing suit on a time-barred debt is making a false repre-

sentation as to the character, or the legal status, of the debt. Filing a lawsuit on a time-barred debt violates the FDCPA. *See Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 771 (8th Cir.2001); *Jenkins v. Gen. Collection Co.,* 538 F.Supp.2d 1165, 1172 (D.Neb.2008). In response, defendants essentially argue that based on *MBNA Am. Bank, N.A. v. Brink,* 728 N.W.2d 61, 2006 WL 3436320 at *2 (Iowa Ct.App. November 30, 2006) (unpublished decision), their claims were not time-barred when they filed them, but when the Iowa Court of Appeals overruled *Brink* in their case against New, *Gemini Capital Group v. New,* 807 N.W.2d 157, 2011 WL 3925723 at *3 (Iowa Ct.App. Sept. 8, 2011) (unpublished decision), the claims became time-barred.

Defendants' argument is sympathetic. The *Brink* court holds that a credit card agreement is a written agreement because it is issued in writing and the account holder agrees to the terms by using the card. 2006 WL 3436320 at *2. The court does not mention a requirement of a signed writing. *Id.* The reasoning in *Brink* might have been persuasive to defendants when they considered whether to file suit against New, and understandably so. Had the *New* court been bound by *Brink,* it may have had to overrule the prior decision to conclude that defendants had to produce a signed written agreement before the ten-year statute of limitations would apply to the debt on New's account. Unpublished decisions of the Iowa Court of Appeals are not, however, controlling authority, Iowa R.App. P. 6.904(2)(c), and the *New* decision, also unpublished, did not overrule anything, 2011 WL 3925723 at *3. Unpublished opinions are only good for their persuasive value, and the *Brink* decision did not persuade the panel in *New. Id.* The *Brink* decision was binding only on those parties. Accordingly, the *New* decision did not change which statute of limita-

tions applied to the debt between New and Gemini.

■ Defendants also assert the "bona fide error" defense, 15 U.S.C. § 1692k(c), which applies to mistakes of fact, but not incorrect interpretations of the requirements of the FDCPA. *Jerman,* 130 S.Ct. at 1624. Although the specific question before the Court in *Jerman* was whether an incorrect interpretation of the FDCPA qualifies as a bona fide error, the Court discussed mistakes of law generally, and its reasoning encompasses mistakes of state law. *Id.* Thus, mistakes of state law are not bona fide errors protected by § 1692k(c). *See id.*

■ Defendants argue that they made a mistake of fact that qualifies as a bona fide error because they failed to produce a signed agreement in their state litigation with New and instead produced a generic credit card agreement to support their position that the ten-year statute of limitations for written agreements applied to New's debt. Defendants rely in part on *Jenkins,* 538 F.Supp.2d at 1174. In that case, the court held:

> If the Defendants had presented their state-court actions as ones based on written contract, after having first determined after a reasonable inquiry that their claims were not barred by the five-year statute of limitations, the ambiguity in Nebraska law on the subject of which statute of limitations applies to credit card collection actions would shield the Defendants from liability under the FDCPA.

*Id.* (citing *Freyermuth,* 248 F.3d at 771). Both *Jenkins,* 538 F.Supp.2d at 1174, and *Freyermuth,* 248 F.3d at 771, predate *Jerman,* 130 S.Ct. at 1624, which holds that good intentions or well-founded arguments may not protect debt collector lawyers who file suits based on mistaken legal interpretations. Defendants' mistake regarding

the ten-versus five-year statute of limitations is not a mistake of fact, but of law, and defendants are not entitled to the bona fide error defense. *Jerman*, 130 S.Ct. at 1624. Thus, defendants are not entitled to summary judgment on New's claim that they violated the Acts by suing on a time-barred debt.

### B. GARNISHING NEW'S BANK ACCOUNT WITHOUT PROVIDING ADEQUATE NOTICE

New also bootstraps his due process claim into a claim for a debt collection violation, arguing that debt collectors are prohibited from taking action that cannot legally be taken. New argues that garnishing his bank account without providing him prompt notice of the garnishment proceedings, exemptions, and a hearing did not satisfy due process and therefore also violated the Acts. Defendant offers little resistance to this argument besides pointing out that New cites the wrong provision—15 U.S.C. § 1692(5), instead of § 1692e(5)—in his complaint. "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir.1988). Defendants are not entitled to summary judgment on New's claim based on garnishing his account without adequate post-garnishment notice.

### C. GARNISHING FEDERALLY-EXEMPT FUNDS

New also alleges that garnishing federally exempt funds from his bank account was action that cannot legally be taken in violation of the FDCPA and IDCPA. Defendant does not argue any grounds for summary judgment on this claim.

### RULING

For the reasons articulated above, the undisputed facts do not support granting defendants' motion for summary judgment. Accordingly, defendants Gemini Capital Group's and Neimen, Stone & McCormick, P.C.'s motion for summary judgment is **DENIED.**